# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

LESLIE L. STUART

VERSUS

JAY RUSSELL, SHERIFF, OUACHITA PARISH
AND TIMOTHY G. FISCHER

CIVIL ACTION NO. _____

JUDGE

MAGISTRATE JUDGE

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LESLIE L. STUART, a citizen and resident of Louisiana, who respectfully represents:

1.

## NATURE OF CLAIM

This is an action for monetary relief pursuant to 42 U.S.C. §1983 and under the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and based upon applicable state law.

2.

## JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. §1331, §1343, and pursuant to 28 U.S.C. §1441, et seq., and diversity of citizenship.  Plaintiff invokes the supplemental jurisdiction of the court to hear and determine claims arising under state law pursuant to 28 U.S.C. §1367 and Article 1 §2 and §5 of the Louisiana Constitution and Louisiana Civil Code Article 2315 and 2320.

3.

## PARTIES

Plaintiff, Leslie L. Stuart, is a person of the full age of majority and resident of the State of Louisiana.

4.

Defendants herein are:

Jay Russell, Sheriff of Ouachita Parish and Timothy G. Fischer, Deputy Sheriff of Ouachita Parish, Louisiana, both individually and in their official capacies.

5.

## FACTS

On May 9, 2020, Leslie L. Stuart was at her home located at 103 Gilbert Drive in West Monroe, Louisiana.  Deputy Fischer came to Ms. Stuart's home inquiring if a certain Mark Jones was at her home.

6.

Ms. Stuart advised the deputy that she was unsure if Mr. Jones was home or not, but that she would check inside the residence and see.  A short time later Ms. Stuart came out of her residence and advised the deputy that Mr. Jones was not at her residence.

7.

Deputy Fischer then drew his firearm which startled Complainant and Complainant told the officer that he needed to leave her property.

8.

Deputy Fischer immediately placed Complainant in handcuffs and placed her in his police car.

9.

Deputy Fischer later released Complainant from his vehicle, but then placed her, while handcuffed, in her home where she remained cuffed for a significant period of time.

10.

Eventually Fischer released Complainant from the handcuffs and issued a summons for a claimed "resisting an officer".

11.

It is shown that Deputy Fischer used excessive force while handcuffing Complainant and placing her in the sheriff's vehicle.

12.

The arrest and detention of Complainant was without justification or probable cause.

13.

As a result of her being taken into custody and placed in the police vehicle, various neighbors witnessed the occurrence and have since commented upon the arrest and are now avoiding contact with Complainant.  She has thus suffered immeasurable embarrassment as a result of the Defendant's actions.

14.

It is further shown that the officer without cause or justification entered the home of Complainant.  Despite the lack of cause and/or the existence of a warrant for search and seizure, he went into the home and began rummaging about.

15.

Despite the fact that he claimed that he was looking for an individual, the officer went through any number of Complainant's personal possession and items damaging a great many of

5.  Facilitating, condoning and approving such conduct and turning a blind eye towards same with a deliberate indifference to the effect that said policies, practices and procedure have upon the constitutional rights of person, including Complainant.

19.

Sheriff Jay Russell or his deputies, agents and employees may claim qualified immunity. This is not available because the conduct described violates established law and is not objectively reasonable. The sheriff's representatives used excessive force in their detention and treatment of Complainant, who was not a suspect, and not a criminal or perpetrator.

20.

The actions of Sheriff Jay Russell and his deputies, agents and employees were not related to any legitimate state objective, but were in bad faith, malicious, and with deliberate indifference to Complainant's rights, and with callous and reckless disregard for the same. Therefore, an award of punitive damages and attorney's fees against Sheriff Jay Russell and his deputies, agents and employees is warranted.

21.

The conduct described also violates Louisiana law, including, but not limited to Louisiana Code Article 2315 and Articles 1 §2 and §4 of the Louisiana Constitution, and Sheriff Jay Russell is vicariously liable for the damages caused.

22.

Defendant is liable for the damages described hereinabove.

23.

Because the injuries of the Complainant result from a nucleus of common facts, this court is asked to exercise supplemental jurisdiction to determine state law claims and adjudicate the same.

24.

Complaint requests a trial by jury on all issues as allowed by law.

WHEREFORE, Complainant, LESLIE L. STUART, prays that Defendants be duly served and cited to answer this lawsuit, and after due proceedings had, that the Complainant be awarded compensatory damages and punitive damages against the Defendants, as are reasonable in the premises, along with attorney's fees, and all costs of this action.

Complainant further prays for trial by jury as to all matters as allowed by law. Complainant further requests that the court award any other equitable relief to which she may be entitled

LAVALLE B. SALOMON, APLC
700 North 2nd Street
P. O. Box 14596
Monroe, Louisiana 71207
Telephone: (318) 387-1222
Facsimile: (318) 387-1275
ATTORNEY FOR DEFENDANT

BY _____
Lavalle B. Salomon - #8599

these items, including a number of "collectibles" that Complainant had accumulated over the years.

16.

As a result of the events described hereinabove, Leslie L. Stuart suffered damages caused by the neglect and negligence of Deputy Timothy G. Fischer by committing a battery on her person, assaulting her by pulling a firearm on her, false arrest, embarrassment, property damage, and emotional distress.

17.

## CLAIMS PRESENTED

The acts of the deputy of Sheriff Jay Russell was done under color of state law and caused damage to Complainant in violation of the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. §1983, as well as rights secured under the Louisiana Constitution and other state laws, specifically depriving Complainant of equal protection of the law.

18.

Upon information and belief, the Sheriff has provided policies, practices and customs which caused injury to the Complainant, including:

1   A deliberate indifference for legal standards in treating suspects;

2.   Disregard for probable cause, a history of recklessness and disregard for prohibitions against use of unnecessary for;

3.   Failing to adequately train law enforcement personnel in the proper exercise of their duties and authority, and encouraging and sanctioning improper practices;

4.   Failure to promulgate proper training policies, practices and procedures to prevent occurrences such as the one which Complainant complained herein;