UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LESLIE L. STUART | CIVIL ACTION NO.   3:21-01231 |
| VERSUS | JUDGE TERRY DOUGHTY |
| JAY RUSSELL, ET AL | MAG. JUDGE KAYLA MCCLUSKY |

**RULING**

This is a lawsuit filed by Plaintiff Leslie L. Stuart ("Plaintiff") against Jay Russell, Sheriff of Ouachita Parish, Louisiana ("Sheriff Russell"), and against Timothy G. Fischer, Deputy Sheriff of Ouachita Parish, Louisiana ("Deputy Fischer"), both individually and in their official capacities. Plaintiff alleges causes of action arising under Title 42 U.S.C. § 1983, the Fourth Amendment, the Fourteenth Amendment, and Louisiana state law.

Pending here is Defendants' Motion for Judgment on the Pleadings [Doc. No. 13]. The Motion is unopposed.

For the following reasons, the motion is GRANTED.

**I.     FACTS AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on May 9, 2020, Deputy Fischer arrived at her home and asked her if a man by the name of Mark Jones was in the residence. Plaintiff told Deputy Fischer she was unsure if Mr. Jones was home or not, but that she would check and see. Shortly thereafter, Plaintiff exited her home and told Deputy Fischer that Mr. Jones was not at her residence. Plaintiff alleges that Deputy Fischer then drew his firearm, which startled her, and that she told Deputy Fischer he needed to leave her property.  Deputy Fischer immediately placed her in handcuffs and put her in

his police car. Plaintiff further alleges Deputy Fischer later released her from his vehicle, but placed her, while handcuffed, in her home where she remained cuffed for a significant period of time. Eventually Deputy Fisher released her from the handcuffs and issued a summons to her for "resisting an officer." [Complaint, Doc. No. 3, pp. 2,3].

Plaintiff asserts that her arrest and detention were without justification or probable cause. Plaintiff additionally asserts that her neighbors observed her being taken into custody and placed in the police vehicle, that they have commented about her arrest, and that they are now avoiding contact with her, resulting in immeasurable embarrassment to her [*Id.*].

Plaintiff additionally alleges that Deputy Fisher entered her home and began rummaging about without cause or justification and without a search warrant. Further, despite the fact that Deputy Fischer claimed he was looking for a person, he went through her personal possessions, damaging a great number of them, including some "collectibles." [*Id.*, pp. 3-4].

Finally, Plaintiff alleges that she "suffered damages caused by the neglect and negligence of Deputy Timothy G. Fischer by committing a battery on her person, assaulting her by pulling a firearm on her, false arrest, embarrassment, property damage, and emotional distress." [*Id.*, p.4].

Plaintiff has not alleged that Sheriff Russell had any personal involvement in these events. Nevertheless, Plaintiff has brought an individual capacity claim arising under 42 U.S.C. § 1983 against Sheriff Russell, and has brought official capacity claims against both Defendants, despite their designations as "Sheriff" and "Deputy." More specifically, Plaintiff has alleged that Sheriff Russell has acted with deliberate indifference in "provid[ing] policies, practices, and customs which caused injury to [Plaintiff]" and in an alleged failure to properly train his employees [*Id.*]. Further, Plaintiff has named Deputy Fischer as a defendant in his official capacity [*Id.*, p. 2].

2

Defendants submit in their Motion for Judgment on the Pleadings [Doc. No. 13] that Plaintiff has failed to adequately plead a federal claim against Sheriff Russell arising out of 42 U.S.C. § 1983 in either his official capacity or his individual capacity. Defendants further submit that Plaintiff has sued Deputy Fischer in his official capacity, which is impermissible under well-established law.

The motion is fully briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Judgment on the Pleadings Standard

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). Thereby, "[a] claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *U.S. ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 33 F.3d 375, 379 (5th Cir. 2003).

When reviewing a motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). While the court must accept all the plaintiff's allegations as true, the court is not bound to accept as true bald assertions, conclusions, inferences, or legal conclusions "couched" or "masquerading" as facts. *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (5th Cir. 1988). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A pleading party unable to demonstrate plausible entitlement to relief must be shown as such at the early stages in litigation so as to minimize the costs of time and money by the litigants and the courts. *Id.,* at 678. Dismissal of a claim is proper where, within the framework of the complaint, plaintiff's grounds for entitlement to relief are mere labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* at 678. "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tabacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)." "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### B. Sheriff Russell

Plaintiff's Complaint names Sheriff Russell as a defendant in both his official capacity and his individual capacity. The Court will examine each in turn.

#### 1. Sheriff Russell's Official Capacity

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official capacity claim against the Sheriff would, in reality, be a

4

claim against the local governmental entity itself. *Passerrello v. Sumner*, Civil Action No. 3:09-1916, 2013 WL 4590618 at *2 (W.D. La 8/28/13); *citing Glasper v. Guzman*, Civil Action No. 06-2040, 2009 WL 1507568 at *6 (E.D. La. 5/27/09). The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was the cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege the custom or policy served as a moving force behind the constitutional violation at issue, or that [her] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets and citations omitted).

Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Tex*, 981 F.2d 237, 245 (5th Cir. 1993). Rather, she must identify the policy or custom which allegedly caused the deprivation of her constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 Fed. App'x 547, 449 (5th Cir. 2003), *citing Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 n. 10 (5th Cir. 2000); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir. 2003), *citing Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996).

"Isolated acts" generally cannot establish the existence of a custom or practice. *Burge*, 336 F.3d at 370. A custom is tantamount official policy when it is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d

5

838, 841. Where prior incidents are used to prove a custom, they "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice..." *Id*. at 842. This standard requires similarity and specificity, as "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Estate of Davis ex rel McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). A custom also requires "sufficiently numerous prior incidents." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

Here, Plaintiff has not identified any policy, practice, or custom which served to violate Plaintiff's constitutional rights. She has merely provided a recitation of generic allegations against the Sheriff. As such, any policy, practice or custom claim asserted against Sheriff Russell should be dismissed.

With regard to Plaintiff's failure to train allegations, a municipality's failure to train its employees must amount to "deliberate indifference to the rights of a person with whom the [untrained employees] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under Section 1983." *Id*. at 389. In order for liability to attach due to a claim for failure to train, the plaintiff "must allege with specificity how a particular training program is defective." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).

As with her claims regarding policies, practices, and customs, Plaintiff has merely alleged a failure to train without alleging any facts to support her claim. Therefore, her "failure to train" claim should also be dismissed.

### 2. Sheriff Russell's Individual Capacity

"Plaintiffs suing governmental officials in their individual capacities...must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: the plaintiff must allege specific facts giving rise to constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citations omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Here, Plaintiff has not alleged that Sheriff Russell had personal involvement in the alleged acts against her, nor has she exhibited a sufficient causal link between any alleged wrongful conduct on the part of the Sheriff and the alleged constitutional violations against her. Instead, Plaintiff has merely made assertions of deliberate indifference on the part of Sheriff Russell without providing any specific facts that could lead the Court to believe that Sheriff Russell did, in fact, act with deliberate difference in any respect.

Additionally, Sheriff Russell cannot be held liable under any theory of vicarious liability or respondeat superior for federal civil rights violations allegedly committed by a subordinate. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").

Accordingly, Plaintiff's federal claims against Sheriff Russell in both his official capacity and his individual capacity should be dismissed, with prejudice.

### C. Deputy Fischer

Plaintiff has also sued Deputy Fischer in both his "individual capacity" and his "official capacity" pursuant to 42 U.S.C. § 1983. It is well-settled that official capacity suits are only

7

viable against persons responsible for formulating an official policy which results in a constitutional deprivation. *See Hafer v. Melo*, 502 U.S. 21 (1991); *citing Kentucky v. Graham*, 473 U.S. 159 (1985); and *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978).

A "policymaker" is an official who has final policy making decision power and whether an official has final policymaking authority is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112. Under Louisiana Law, the sheriff is the final policymaker for his office. *Craig v. St. Martin Parish Sheriff*, 861 F.Supp. 1290, 1300 (W.D.La. 1994), citing La. Const. Art. 5, § 27 ("[The sheriff] shall be the chief law enforcement officer in the parish."). Therefore, Deputy Fischer, as a deputy with the Ouachita Parish Sheriff's Office, does not have "policymaker" status under Louisiana law, nor is he the final decisionmaker for the Ouachita Parish Sheriff's Office.

Accordingly, any official capacity claim asserted by Plaintiff against Deputy Fischer must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, Defendants' unopposed Motion for Judgment on the Pleadings [Doc. No. 13] is GRANTED. All official capacity or individual capacity claims arising under 42 U.S.C. § 1983 against Sheriff Russell are DISMISSED WITH PREJUDICE. Additionally, all official capacity claims arising under 42 U.S.C. § 1983 against Deputy Fischer are DISMISSED WITH PREJUDICE.

All other claims, including all individual capacity claims against Deputy Fischer, remain pending.

MONROE, LOUISIANA, this 15th day of October, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

MONROE, LOUISIANA, this 15th day of October, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE