UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LESLIE L. STUART**                                **CASE NO. 3:21-CV-01231**

**VERSUS**                                          **JUDGE TERRY A. DOUGHTY**

**JAY RUSSELL ET AL.**                              **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, are two motions: (1) a motion to enforce settlement [doc. #27], filed by Defendants Jay Russell and Timothy Fischer; and (2) a motion to set aside settlement agreement [doc. #29], filed by Plaintiff Leslie L. Stuart. For reasons assigned below, IT IS RECOMMENDED that Plaintiff's motion to set aside settlement [doc. #29], be GRANTED and Defendants' motion to enforce settlement [doc. #27] be DENIED.[1]

**Background**

On May 7, 2021, Plaintiff Leslie Stuart filed the instant complaint against Defendants Jay Russell, Sheriff of Ouachita Parish; and Timothy Fischer, Deputy Sheriff of Ouachita Parish. [doc. #3]. Stuart alleges that on May 9, 2020, Deputy Fischer came to her home inquiring after Mark Jones. *Id.* at 2. Stuart advised Fischer that she was unsure, but that she would check and see; shortly thereafter, Stuart "came out of her residence and advised [Fischer] that Jones was not at her residence." *Id.* At that time, Fischer drew his firearm and Stuart told him to leave her property. *Id.* Fischer then placed Stuart in handcuffs and escorted her to his vehicle before moving her inside

---

[1] A motion to enforce a settlement agreement is dispositive and, therefore, properly presented as a report and recommendation in accordance with the provisions of 28 U.S.C. § 636. *Coleman v. City of Opelousas*, No. 6:20-cv-01469, 2021 WL 3812483, at *1 (W.D. La. July 23, 2021).

her home. *Id.* Fischer later released Stuart and issued a "summons for a claimed [sic] 'resisting an officer.'" *Id.* at 3.

Stuart alleges that Fischer used excessive force and detained her without justification or probable cause. *Id.* She asserts violations of her Fourth and Fourteenth Amendment rights under the United States Constitution and seeks relief pursuant to 42 U.S.C. § 1983, as well as the Louisiana Constitution and other state laws. *Id.*

On September 17, 2021, Defendants filed a motion for judgment on the pleadings. [doc. #13]. On October 15, 2021, Judge Doughty dismissed all claims against Russell with prejudice and dismissed all Section 1983 official capacity claims against Fischer. [doc. #16].

On March 7, 2023, Defendants filed a notice of settlement and requested that the Court issue a conditional sixty (60) day order of dismissal for the parties to finalize and effect the settlement, reserving the right of any party upon good cause shown to reinstate the action if the settlement is not finalized within sixty days of issuance of the dismissal order. [doc. #25]. The Court issued an order of dismissal that same day. [doc. #26].

On April 3, 2023, Defendants filed their motion to enforce settlement. [doc. #27]. Therein, Defendants argue that the parties reached a binding settlement agreement on March 7, 2023. [doc. #27-1, p. 1–2]. Later, on April 4, 2023, Plaintiff's counsel represented that Plaintiff refuses to sign a receipt and release because she wishes to seek additional damages for emotional distress suffered by her dog. *Id.* at 2. Defendants argues these damages are non-cognizable and asks the Court to enforce settlement. *Id.*

On April 24, 2023, Plaintiff filed a motion to set aside the settlement agreement. [doc. #29]. Therein, Plaintiff argues that her counsel was under the mistaken assumption that he was authorized to reach a settlement agreement, which Plaintiff later rejected. *Id.* Plaintiff also filed

2

her opposition [doc. #30] to Defendants' motion to enforce, arguing that the "tentative agreement" was not authorized by Plaintiff.

On May 2, 2023, Defendants filed their opposition [doc. #32] to Plaintiff's motion to enforce settlement. Therein, they argue that the agreement was fairly and properly entered, and, as such, is binding and final. *Id.* at 3.

On June 12, 2023, the undersigned set a status conference for July 10, 2023, to discuss the motions. [doc. #33].

On July 10, 2023, the undersigned held a status conference to determine if an evidentiary hearing was necessary. [doc. #34]. After ensuring no resolution had been reach, an evidentiary hearing was held on the pending motions. *Id.* At the hearing, Ms. Stuart waived her attorney/client privilege. At that time, Ms. Stuart and her attorney, Lavalle Salomon, were sworn and provided testimony. Both Ms. Stuart and Mr. Salomon testified that Ms. Stuart did not provide Mr. Salomon with settlement authority. Ms. Stuart also clarified that she seeks damages for physical injury to her dog by the officer. At the conclusion of the hearing, Mr. Salomon was ordered to file a copy of his agreement with Ms. Stuart under seal no later than July 14, 2023. Both parties were allowed to file supplemental briefs no later than July 21, 2023.

On July 14, 2023, Mr. Salomon filed his agreement with Ms. Stuart. [doc. #35].

No party filed a supplemental brief. Accordingly, this matter is ripe.

## **Analysis**

"A district court has inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). A federal court exercising federal-question jurisdiction looks to federal law to determine whether the settlement agreement is valid and enforceable when the parties derive their substantive

3

rights and liabilities from federal law. *Peacock v. Deutsche Bank Nat'l Trust Co.*, Civ. No. 4:20-cv-03945, 2022 WL 1185173, at **2 (Apr. 19, 2022) (citing *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984)). Under federal law, a settlement agreement is a contract. *Id.* (citing *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992)). Thus, "a binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Id.* (quoting *Chen v. Highland Cap. Mgmt., L.P.*, No. 3:10-cv-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (internal quotation marks omitted)).

Importantly, "federal law does not require settlement agreements to be reduced to writing." *EEOC v. Phillip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011). A party who "changes his mind when presented with the settlement documents . . . remains bound by the terms of the agreement" if the parties agreed to all material terms. *Peacock*, 2022 WL 1185173, at *2 (quoting *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981)).

However, "when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015).

Here, Ms. Stuart contests the validity of the settlement. She argues that her attorney, Mr. Salomon, was not authorized to reach an agreement with Defendants to settle the case. [doc. #29]. Therefore, the Court conducted an evidentiary hearing. As discussed above, Ms. Stuart and Mr. Salomon were sworn and testified that Ms. Stuart did not provide Mr. Salomon with authority to settle the case.

The party attacking a settlement bears the burden of showing that the settlement is invalid. *Lozano v. Met. Transit Auth. of Harris County*, Civ. No. H-14-1297, 2016 WL 3906295, at *10 (S.D. Tex. July 19, 2016) (citing *Harmon v. Journal Pub. Co.*, 476 F. App'x 756, 757 (5th Cir. 2012)). "While an attorney may not settle a case without express authority, 'an attorney of record is presumed to have authority to compromise and settle litigation of his client.'" *Id.* "Therefore, where a party argues that his attorney did not have authority to settle the case on his behalf, he bears the burden of establishing that there is some basis for holding that his attorney lacked authority to settle." *Id.*

Here, Ms. Stuart meets her burden. She and Mr. Salomon both testified that Mr. Salomon lacked authority to enter into an agreement with Defendants to settle the case. The undersigned finds the testimony of Ms. Stuart and Mr. Salomon to be credible. Therefore, the settlement agreement is invalid and should be set aside.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion to set aside settlement [doc. #29], be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendants' motion to enforce settlement [doc. #27], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be reopened.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 8th day of August, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE