UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LESLIE L STUART** | **CASE NO. 3:21-CV-01231** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAY RUSSELL ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 46] filed by Defendants, Timothy G. Fischer ("Fischer" or "Defendant") and Sheriff of Ouachita Parish, Jay Russell ("Russell") (collectively, "Defendants"). Plaintiff, Leslie L. Stuart ("Stuart" or "Plaintiff") filed an Opposition to Defendants' Motion for Summary Judgment [Doc. No. 54], to which Defendants filed a Reply [Doc. No. 55].

For the reasons set forth herein, Defendants' Motion for Summary Judgment is **GRANTED.**

I.     FACTS AND PROCEDURAL BACKGROUND

This case arises out of an alleged excessive force incident on May 9, 2020, at the Plaintiff's home located at 103 Gilbert Drive West Monroe, Louisiana ("the home").[1] Stuart was allegedly sleeping on her couch with her dog when Fischer arrived at her home.[2] Fischer claims he was dispatched to Plaintiff's home due to a complaint of suspicious activity perpetrated by the driver of a large, black truck.[3] Fischer alleges that he confirmed the truck was registered to a man named Mark Jones ("Jones").[4] Fischer claims that he then knocked on Plaintiff's door to inquire about

---

[1] [Doc. No. 1].
[2] [Doc. No. 54-1].
[3] [Doc. No. 46-1].
[4] [*Id.*].

1

Jones's whereabouts.[5] After checking the home, Plaintiff opened the home's garage door and exited the garage, informing Fischer that Jones was not in the home.[6]

Stuart claims that after she attempted to inform Fischer that Jones was not at the home, he drew his firearm, placed her in handcuffs, and put her into his unit.[7] However, Fischer states that Plaintiff was holding the dog at the time she exited the garage and soon thereafter, he heard a noise from inside the residence.[8] Fischer claims he then drew his firearm and commanded anyone who was in the home to exit.[9] Fischer alleges that Stuart ran towards him while he was holding his firearm and he ordered Stuart to stop advancing on his position, which she refused to do.[10] Fisher claims that he used the necessary force to place Stuart in handcuffs to ensure both parties' safety.[11] Further, Fischer claims that Stuart refused to calm down and was placed in the police car.[12]

Stuart alleges that while she was in the back of the police car, Fischer conducted an unlawful search of her home.[13] Additionally, Stuart alleges that Fischer broke numerous items in the home during this search.[14] However, Fischer alleges that he asked Stuart if he could enter the residence to see if Jones were inside, and she agreed.[15] Further, Fischer alleges that Stuart was inside the home while the search was conducted.[16]

---

[5] [Doc. No. 54-2, p. 22, ¶ 3].
[6] [Doc. No. 46-1, p. 11].
[7] [*Id.* at p. 25-29].
[8] [Doc. No. 46-3, p. 2].
[9] [*Id.*].
[10] [*Id.*].
[11] [*Id.*].
[12] [*Id.*].
[13] [Doc. No. 54-1].
[14] [*Id.*].
[15] [Doc. No. 46-1].
[16] [*Id.*].

Neither party disputes that Jones eventually emerged from the bathroom during this search.[17] After conducting a thorough investigation, Fischer alleges that he released Stuart from the handcuffs and issued a summons for resisting an officer in violation of LSA-R.S. § 14:108.[18]

On May 11, 2021, Plaintiff filed a Complaint in this matter under 42 U.S.C. § 1983, in which she alleges causes of action arising out of the Fourth and Fourteenth Amendment to the United States Constitution and Louisiana state law.[19]

On October 15, 2021, all § 1983 claims against Sheriff Jay Russell were dismissed with prejudice.[20] Thus, Russell remains a Defendant in the instant Motion only under a theory of Louisiana state law vicarious liability.[21]

In the instant Motion, Defendants claim that summary judgment should be granted in their favor because Plaintiff has failed to respond to their requests for admissions.[22] Plaintiff does not dispute this argument.

Alternatively, Defendants assert that despite Plaintiff's failure to respond to a request for admissions, Fischer did not violate Plaintiff's constitutionally protected rights.[23]

In Opposition, Plaintiff briefly states that she has presented a plausible claim with factual support for the Court to deny Defendants' Motion for Summary Judgment.[24] Additionally, Plaintiff moves the Court to allow her to amend her pleadings in the event the Court finds that she has not properly articulated the facts.[25]

---

[17] [*Id.*].
[18] [*Id.*].
[19] [Doc. No. 46].
[20] [Doc. No. 15].
[21] [Doc. No. 46-1].
[22] [*Id.*].
[23] [Doc. No. 46-1].
[24] [*Id.*].
[25] [*Id.*].

In Reply, Defendants maintain that summary judgment should be granted in their favor because Plaintiff failed to put forth any argument or law in her Opposition and failed to adequately oppose Defendants' Motion.[26]

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 56(c)(1). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable

---

[26] [*Id*.].

4

inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). No genuine dispute as to a material fact exists when a party fails "to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Request for Admissions

Defendants maintain that Plaintiff has no viable claims because she admitted the following by failing to respond to the requests for admissions: "(1) Fischer did not rummage through your personal belongings; (2) no employee of the Ouachita Parish Sherriff's Office ("the OPSO") rummaged through your personal belongings; (3) Fischer did not break or damage any of your personal belongings; (4) no employee of the OPSO broke any of your personal belongings; (5) Fischer did not point a firearm at you or in your direction; (6) no employee of the OPSO pointed a firearm at you or in your direction; (7) Fischer did not utilize excessive force against you; (8) no employee of the OPSO utilized excessive force against you; (9) Fischer did not injure you in any way; (1) no employee of the OPSO injured you in any way; (11) Fischer did not detain you without probable cause; (12) no employee of the OPSO detained you without probable cause."[27]

---

[27] [Doc. No. 46-1].

To begin, the Court must determine if an injury occurred as a result of the use of excessive force. Here, Stuart claims that Fischer used excessive force while detaining her, which she alleges resulted in injuries to her lip, wrist, and chest.[28] However, Fischer maintains that he used only necessary force to detain Stuart after she advanced on his position and to ensure both parties' safety.[29] Further, Fischer maintains that he did not violate Plaintiff's constitutional rights, which he asserts is supported by Plaintiff's failure to respond to his request for admissions.[30] Because Plaintiff failed to respond to the requests for admission, Fischer maintains that they must be deemed admitted pursuant to Federal Rule of Civil Procedure 36. The Court agrees.

Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted unless…the party to whom the request is directed serves on the requesting party a written answer of objection[.]" "Rule 36's mandate is self-executing; in other words, a failure to answer or object to a request for admission within thirty days…constitutes an automatic admission and a court order deeming the request is admitted is unnecessary." *Hicks v. Gilchrist Construction Co., L.L.C.*, Civil Action No. 19-01266, 2020 WL 13158070 at *1 (W.D.La. April 16, 2020).

Defendants provided the Court with the requests for admissions.[31] Further, Defendants provided the Court with proof of service, which demonstrates that the requests for admissions were delivered to the address provided by Plaintiff.[32] In Opposition, Plaintiff failed to address any argument or law as to why she failed to respond to Fischer's requests for admissions.[33]

Rule 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. FED. R. CIV. P. 56(c). A party who makes an admission, whether express or

---

[28] [Doc. No. 54-1].
[29] [Doc. No. 46-1].
[30] [Doc. No. 46-1].
[31] [Doc. No. 46-5].
[32] [Doc. No. 46-6-].
[33] [Doc. No. 54].

6

by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Instead, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admissions is to move the court to amend or withdraw the default admissions. *Id*.

In the matter of *Poon-Atkins*, 2022 WL 102042 (5th Cir. Jan. 10, 2022), a pro se plaintiff was served with requests for admissions by the defendants, which directly addressed the merits of the plaintiff's claims, in addition to his right to recovery in the action. *Id*. at 1. The plaintiff failed to respond to the defendants' requests for admissions and, after some time, the defendants filed a motion for summary judgment, asserting that the plaintiff's failure to respond to the requests for admissions deemed all requests admitted. *Id*. The district court granted summary judgment and, in doing so, expressed "sympathy[y]" for the plaintiff as a pro se litigant but also recognized that Fed. R. Civ. P. 36 "unambiguously" requires dismissal, given the plaintiff's failure to respond to the defendant's admissions requests. *Id.* On appeal, the Fifth Circuit upheld the district court's dismissal of the plaintiff's action, given her failure to timely respond to the defendants' admission requests. In doing so, the Fifth Circuit recognized that "[c]ourts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts." *Id*. (*citing Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Here, Plaintiff failed to move the Court to allow her to amend or withdraw her default admissions. As previously mentioned, the submission of contrary evidence is not enough to overcome the failure to respond. Clearly, there can be no argument that Fischer violated Plaintiff's constitutional rights because she admitted to the contrary by failing to respond. Because there was no use of excessive force, the Court need not address the "reasonableness" of Fischer's conduct.

7

There exists no genuine issue of material fact, and summary judgment is warranted; therefore, the Defendants' Motion is **GRANTED.**

### C. Fourth and Fourteenth Amendment

Although the Court grants summary judgment to the extent that all requests for admissions have been deemed admitted due to failure to respond, the Court will nevertheless analyze the alleged unconstitutional acts. Defendants assert no constitutional violations occurred.[34] Thus, Defendants maintain that summary judgment is warranted.[35] However, Plaintiff asserts that her claim presents plausible sufficient factual content that Fischer violated her constitutional rights.[36]

To prove that the officers violated the plaintiff's Fourth Amendment right to freedom from excessive force, the plaintiff must show: "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 234 (5th Cir. 2009) (citing *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir.1999)). To determine whether the force used by officers is unreasonable, the Fourth Amendment prescribes a case-specific balancing exercise in which "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest ..." all play a part. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id*. at 396. *See Terry v. Ohio, supra*, 392 U.S., at 20–22. The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested. *Id*. (citing *Hill v. California*, 401 U.S. 797, L.Ed.2d 484 (1971)).

---

[34] [Doc. No. 46].
[35] [*Id*.].
[36] [Doc. No. 54].

The Fourteenth Amendment ensures that no state shall "deprive any person of life, liberty, or property without due process; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

### 1. Excessive Force While Detaining Plaintiff

First, Plaintiff alleges that Fischer utilized excessive force while detaining her.[37] However, Fischer asserts that he only used reasonable force while detaining Plaintiff.[38]

In determining whether a use of force was reasonable, a court must look to the totality of the circumstances, *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012), giving "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" (the "*Graham* factors"). *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The second factor is the most important: [The court] must determine whether [plaintiff] 'posed an immediate threat to the safety of the officer or others.'" *Malbrough v. Stelly*, 814 Fed.App'x 798, 803 (5th Cir. 2020) (per curium) (*quoting Graham*, 490 U.S. at 396).

Here, Fischer asserts that he detained Plaintiff only because she failed to abide by his commands and was repeatedly grabbing at his gun-bearing arm.[39] Thus, Fischer maintains that Plaintiff was posing an 'immediate threat' by reaching for his gun while actively resisting arrest.[40] However, Plaintiff does not to address why she failed to abide by Fischer's command. Therefore,

---

[37] [Doc. No. 54-2, Pg. 25, ¶ 7-20].
[38] [Doc. No. 46-1].
[39] [*Id*.].
[40] [*Id*.].

9

the Court finds that Plaintiff failed to put forth a genuine issue of material fact as to Fischer's alleged use of excessive force. Thus, Fischer did not violate Plaintiff's constitutional rights.

Next, Plaintiff asserts that Fischer detained her without probable cause.[41] However, "[p]robable cause exists where the facts and circumstances known to the officer at the time of arrest would warrant 'a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense.'" *Rivera-Colon v. Parish of St. Bernard*, 516 F.Supp.3d 583, 590 (E.D.La. 2021) (citing *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).

Fischer established that probable cause existed to warrant the arrest because Plaintiff was resisting an officer.[42] Further, Fischer had probable cause to believe that Jones was inside the home, despite Plaintiff denying such.[43] Again, Plaintiff failed to put forth any evidence to establish that probable cause did not exist. Thus, there is no genuine issue of material fact as to whether Fischer had probable cause to detain Plaintiff.

### 2. The Search of the Home

Finally, Plaintiff asserts that Fischer violated her constitutional rights by conducting a search of her home.[44] However, Fischer asserts that Plaintiff consented to the search.[45]

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued without probable cause is per se unreasonable, subject to only a few exceptions" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L.Ed.2d 854 (1973) (cleaned up).

---

[41] [Doc. No. 54].
[42] [Doc. No. 46-1].
[43] [*Id.*].
[44] [Doc. No. 54-2].
[45] [Doc. No. 46-1].

"It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id*.

Because Plaintiff consented to the search, she fails to put forth any evidence to prove that the search violated her constitutional rights. Thus, the Court finds that no genuine issue of material fact exists as to whether the search of her home was a constitutional violation.

**D.     Louisiana State Law**

Louisiana Civil Code Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 1, § 2 of the Louisiana Constitution provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law." Article 1, § 4 of the Louisiana Constitution provides that "[e]very person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to…the reasonable exercise of the police power."

Here, Plaintiff claims that Fischer's alleged conduct violates Louisiana law.[46] Again, Plaintiff admitted that Fischer neither damaged her nor her property in any way by failing to respond to Defendants' Request for Admissions.[47] Thus, Plaintiff has no viable claims under Louisiana state law. Therefore, there exists no genuine issue of material fact as to whether Defendant's violated Louisiana state law, and summary judgment is warranted.

Louisiana Civil Code article 2320 provides that an employer is liable for the tortious acts of its employees "in the exercise of the functions in which they are employed." *Russell v. Noullet*, 98-0816 (La. 12/1/98); 721 So.2d 868, 871.

---

[46] [Doc. No. 1].
[47] [Doc. No. 46-1].

Plaintiff alleges that Russell should be held vicariously liable for the actions of his employees.[48] Again, Plaintiff admitted that no tortious conduct occurred on the part of any OPSO employee by failing to respond to Fischer's Requests for Admissions. Russell cannot be held vicariously liable for tortious conduct where no conduct occurred. Therefore, there exists no genuine issue of material fact and thus summary judgment is warranted.

Although Defendants' Motion for Summary Judgement addresses further alternatives which would warrant the Court to grant the Motion, the Court is inclined to end the analysis here based upon the failure to respond to request and the failure to put forth a genuine issue of material fact as to any unconstitutional acts.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants, Timothy G. Fischer and Sheriff of Ouachita Parish, Jay Russell's Motion for Summary Judgment [Doc. No. 46] is **GRANTED**, and Plaintiff Leslie Stuart's 42 U.S.C. § 1983 claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 18th day of July 2024.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT**

---

[48] [Doc. No. 1].